SCHOELLKOPF, HARTFORD & HANNA CO. v. UNITED STATES.

(Circuit Court, S. D. New York. February 23, 1905.)

No. 3,549.

CUSTOMS DUTIES—CLASSIFICATION—PARAFFIN—PETROLEUM PRODUCTS — COUNTERVAILING DUTY.

In construing paragraphs 626, 633, § 2, Free List, Tariff Act July 24, 1897, c. 11, 30 Stat. 199, 200 [U. S. Comp. St. 1901, pp. 1685, 1686], providing, respectively, for a countervailing duty on "products of crude petroleum" and for the free entry of "paraffin," held that the latter is the more specific, and governs the classification of paraffin, even though it be a product of crude petroleum.

On Application for Review of Decisions of the Board of United States General Appraisers.

The decisions reviewed affirmed the assessment of duty by the collector of customs at the port of New York on importations by the Schoellkopf, Hartford & Hanna Company. Note G. A. 5,658, T. D. 25,237.

Comstock & Washburn (Albert Comstock, of counsel), for importers.

Charles Duane Baker, Asst. U. S. Atty.

WHEELER, District Judge. Paragraph 626 of the free list of the act of 1897 (Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 199 [U. S. Comp. St. 1901, p. 1685]), "Oils," makes a great number and variety of oils free, ending with petroleum, crude or refined, with a proviso for a countervailing duty on "crude petroleum or the products of crude petroleum." Paragraph 633, 30 Stat. 200 [U. S. Comp. St. 1901, p. 1686], puts "paraffin" on the free list. This importation is of paraffin in two forms—liquid, which is a direct product of petroleum; and molle, which is a product of petroleum and a wax. As parafin is one of many products of petroleum, it is more specific in description than the general words covering petroleum and its products, and placing it in the free list by that specific name would seem to distinguish it from other products of that kind, and to make that distinctively free. This is not contrary to the reasoning in Ropes & Co. v. United States (C. C.) 123 Fed. 990, for neither paraffin nor anything specifically named in the free list was there involved. No reason is apparent why such construction as to what is most specific should not prevail as well concerning countervailing duties and the free list as elsewhere in the tariff laws.

Decision reversed.